■ In the Matter of ASIA SONIA J., an Infant. LAWRENCE J., Appellant, et al., Petitioner; THE NEW YORK FOUNDLING HOSPITAL, Respondent. [902 NYS2d 70]—

Order, Family Court, New York County (Karen Lupuloff, J.), entered on or about March 11, 2009, which, after a hearing, denied respondent-appellant's (respondent) motion to vacate an order, same court (Sara P. Schechter, J.), entered on or about March 17, 2008, which had committed custody and guardianship of the subject child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, following findings, inter alia, that respondent was not a consent father as defined in Domestic Relations Law § 111 and had failed to appear at any stage of the proceeding although he had been personally served with the summons and petition, unanimously affirmed, without costs.

No basis exists to disturb Family Court's findings crediting

the testimony of the agency's process server describing proper service of process on respondent. Nor does respondent show a meritorious defense. While he does not deny that he is a notice parent limited to presenting evidence relevant to the child's best interests (Domestic Relations Law § 111-a [3]), he fails to adduce any such evidence, raise any claim of error in the court's findings relating to the child's best interests, or suggest any alternative dispositions. All he does is argue that his interest and concern with the child's welfare is confirmed by his unexplained, unsubstantiated participation in the termination proceeding that involved the child's older sisters (*Matter of Tamia J.*, 58 AD3d 580 [2009]). The finding that adoption is in the child's best interests is adequately supported by the testimony of the agency's caseworker at the dispositional inquest that the child has lived since birth with her older sisters in the kinship foster home of respondent's mother, with whom the child has bonded and who wishes to adopt the children. The record is devoid of any evidence to the contrary (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984] [no presumption that child's best interests are served by return to the parent]). Concur—Mazzarelli, J.P., McGuire, DeGrasse, Freedman and Richter, JJ.